```
                UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT

ERIC EDSON,                    )
                               )
     Plaintiff,                )
                               )
           v.                  )    Case No.: 2:17-CV-31
                               )
LISA MENARD,                   )
Commissioner, Vermont          )
Department of Corrections      )
                               )
     Defendant.                )
```

**MEMORANDUM AND ORDER**

Plaintiff Eric Edson moves for remand to state court of all of his claims, or, alternatively, his state claims. The Court held a hearing on the Motion to Remand on January 8, 2018. The Court requested that the parties attempt to reach an agreement to allow Plaintiff to properly exhaust his administrative remedies within the Vermont Department of Corrections ("Vermont DOC"). The parties were not able to reach such an agreement. Therefore, the Court remands Plaintiff's state law claims to the state court. The Court retains jurisdiction over Plaintiff's federal claims, but those claims are stayed pending resolution of Plaintiff's state law claims.

**I.   Plaintiff's Complaint**

Plaintiff's Complaint alleges that Plaintiff's state and federal constitutional rights were violated as a result of Defendant's actions or inactions. ECF 8. The Complaint seeks

1

injunctive relief for violations of Plaintiff's due process and equal protection rights—under both the Vermont Constitution and the United States Constitution—arising out of his furlough violation and incarceration. *See* ECF 8, Grounds for Relief ¶¶ 1-3.

## II. Arguments on the Motion to Remand

Plaintiff alleges that the Vermont DOC illegally revoked sentence credit it had previously granted and that his furlough was illegally revoked. He is seeking a shorter sentence and an immediate return to furlough. Plaintiff contends that these are effectively habeas corpus claims, *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973), and therefore, Plaintiff must exhaust his state-court remedies before filing in federal court. 42 U.S.C. § 2254(b)(a). Plaintiff explains that this is what he was trying to do when Defendant removed to federal court. Plaintiff submits that because this case could not have been filed originally in federal court, it must be remanded. 28 U.S.C. § 1441(a).

Defendant contends that Plaintiff's claims regarding his furlough status do not implicate the fact or duration of imprisonment and therefore are not habeas corpus claims. Defendant argues that Plaintiff's claim regarding furlough revocation and later denial based on violation of federal constitutional rights could have been originally filed in federal court, and therefore the Motion to Remand should be

denied. Defendant explains that Plaintiff's state constitutional claim is based on an alleged violation of the Common Benefits Clause. Vt. Const. Ch. 1, Art. 7. Defendant argues that even though this Clause has not been applied to a prisoner, the Vermont Supreme Court has reviewed claims based on the Clause and has provided a clear roadmap for the analysis of such claims. *See Baker v. State*, 170 Vt. 194. 194, 197, 744 A.2d 864, 867 (1999).

**III. Discussion**

This Court has original federal question jurisdiction over Plaintiff's federal claims in this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserted federal constitutional claims against the Defendant. The state court action was thus removable to this Court pursuant to 28 U.S.C. § 1441(a) because original federal question jurisdiction exists. This Court may exercise supplemental jurisdiction over Plaintiff's remaining Vermont law claims because "they form part of the same case or controversy under Article III of the United States Constitution" as Plaintiff's federal law claims. 28 U.S.C. § 1367(a).

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and remands them to the state court. This case, while couched in terms of both state and federal constitutional violations, really revolves around Vermont law and Vermont DOC policies—notably, exhaustion of

3

Vermont DOC administrative remedies, Vermont prison sentence calculations, and the Vermont furlough system. This Court may decline to exercise supplemental jurisdiction over state claims which substantially predominate over related federal claims. 28 U.S.C. § 1367(c)(2). Remand of Plaintiff's state law claims under § 1367(c)(2) is both permissible and appropriate. *See Nelson v. City of Rochester, NY*, 492 F. Supp. 2d 282, 288 (W.D.N.Y. 2007).

The Court retains jurisdiction over Plaintiff's federal claims, as the Court does not have discretion to remand a federal claim that is properly before it. *See Baker v. Kingsley*, 387 F.3d 649, 656–57 (7th Cir. 2004) ("It is an abuse of discretion for a district court to remand a federal claim that is properly before it."); *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002) ("[A] district court has no discretion to remand a claim that states a federal question."); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 787 (3rd Cir. 1995) ("[N]othing in § 1367(c) authorizes a district court to decline to entertain a claim over which it has original jurisdiction and, accordingly, that section clearly does not sanction the district court's remand of this entire case, including the federal [] claims, to the state court"); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998) ("Under the well-pleaded complaint rule, the plaintiff is the master of the complaint,

free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available"). Thus, § 1367(c) does not permit remand of federal claims, regardless of whether state law claims "predominate" in the action. However, these federal claims will be stayed pending resolution of Plaintiff's state law claims in state court, in the interests of comity, judicial economy, and to avoid the risk of inconsistent adjudications. *See Nelson*, 492 F. Supp. 2d at 288.

**IV. Conclusion**

While Plaintiff has asserted federal constitutional claims in conjunction with his state constitutional claims, this case is really about state processes and sentence calculations. Disputes over Vermont DOC's furlough revocation policies, Vermont DOC's minimum sentence requirements, and credit for pretrial time served under Vermont law should be resolved by the Vermont courts. Thus, the Court remands Plaintiff's state law claims to the state court, retains jurisdiction of Plaintiff's federal claims, and stays the federal claims pending resolution of the state claims in state court.

Dated at Burlington, in the District of Vermont, this 6th day of February, 2018.

/s/William K. Sessions III

William K. Sessions III
U.S. District Court Judge